**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Hartford R. Best, Appellant,

v.

Samuel B. Glover, Director of the South Carolina Department of Probation, Parole and Pardon Board, Respondent.

Appellate Case No. 2011-184506

———————————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-194
Submitted March 1, 2013 – Filed May 15, 2013

———————————

**APPEAL DISMISSED**

———————————

Hartford Best, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Board, of Columbia, for Respondent.

———————————

**PER CURIAM:** Because a procedural defect precludes meaningful review of this appeal, we dismiss pursuant to Rule 220(b), SCACR, and the following authority:

Rule 211(b), SCACR (requiring the content of a party's final brief to be identical to the initial brief, with the exception of including references to the record on appeal and correcting obvious typographical errors and misspellings contained in the initial brief).[1]

**APPEAL DISMISSED.**[2]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We also find the appeal fails on the merits because Best did not demonstrate the lack of any other legal remedy. *See Redmond v. Lexington Co. Sch. Dist.*, 314 S.C. 431, 437, 445 S.E.2d 441, 445 (1994) (providing to obtain a writ of mandamus, the applicant must show the co-existence of four elements, including a lack of any other legal remedy). Best's failure to seek post-conviction relief warranted dismissal of his petition for a writ of mandamus. *See* S.C. Code Ann. § 17-27-20(a)(5) (2003) (providing post-conviction relief is the exclusive remedy for challenging the parole board unlawfully revoked a person's parole).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.